# The Commonwealth of Pennsylvania v. O. W. Dunham, Appellant.

*Supreme Court—Jurisdiction—Act of June 24, 1895, sec. 7.*

Under the act of June 24, 1895, sec. 7, P. L. 215, relating to appeals to the Superior Court from the court of quarter sessions, an appeal from a conviction for unlawful hawking and peddling lies to the Superior Court and not to the Supreme Court, although the case may involve the construction and application of the constitution of the state.

In such a case the only way in which the Supreme Court can properly acquire jurisdiction of the constitutional question is by appeal from the judgment of the Superior Court under clause " Third " of the act June 24, 1895.

Argued March 18, 1896. Appeal, No. 156, Jan. T., 1896, by defendant, from judgment of Q. S. Lycoming Co., Dec. T., 1894, No. 13, on verdict of guilty. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Case remitted to Superior Court.

Indictment for alleged illegal hawking and peddling in violation of the act of April 17, 1846. The defendant claimed that the act was unconstitutional.

*Error assigned* was in entering judgment of guilty and passing sentence.

*C. Bartles, Jr.*, and *B. S. Bentley*, for appellant.

*John J. Reardon, W. R. Peoples* and *N. M. Edwards*, district attorney, for appellee.

PER CURIAM, March 23, 1896 :

Section seven of the Superior Court act of June 24, 1895, declares said court "shall have exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases," the first of which is class (*a*): "All proceedings of any kind in the court of quarter sessions of the peace, or before any judge thereof, except cases involving the right to a public office, in which cases the remedy by appeal to the Supreme Court shall not be affected by this act."

It being conceded that this appeal does not involve "the right to a public office," it is clearly not within the above quoted and only exception to the jurisdiction of the Superior Court in that class of cases; but, it is claimed that the case involves the construction and application of the constitution of this state. Assuming, for argument sake, that this is true, it does not follow that the jurisdiction, clearly given to the Superior Court by the act, is thereby ousted. The only way in which this court can properly acquire jurisdiction of the constitutional question, said to be involved in the case, is by appeal from the judgment of the Superior Court under clause "Third" of the act: P. L. pp. 215, 217.

It follows from these provisions that the appeal was "erroneously taken directly to" this court, and should therefore be remitted to the Superior Court as provided in section nine of the act.

It is accordingly ordered that this case be remitted, "at the costs of the appellant, to the Superior Court for hearing and decision."